UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EFK INVESTMENTS, LLC; and MARKET STREET PROPERTY MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN EAGLE INSURANCE CORPORATION; PEERLESS NSURANCE COMPANY; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 13-cv-05910 NC <br><br> **ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER** <br><br> Re: Dkt. No. 1 |

On December 20, 2013, defendants Golden Eagle and Peerless removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1. However, the removal notice does not contain sufficient allegations to establish the citizenship of all relevant parties for diversity purposes.

The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

//

The notice of removal here does not adequately allege the citizenship of plaintiff EFK. The notice states that EFK "is, and at the time of the filing of the complaint was, a limited liability company organized and existing under the laws of the State of California and having its principal place of business in the State of California." Dkt. No. 1 at 2. However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, defendants must inform the Court of the citizenship of all of EFK's members. Moreover, if any member of EFK is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Accordingly, by January 15, 2014, defendants must show cause in writing why their removal is proper by addressing the Court's concerns identified above. If defendants do not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

Defendants must also consent or decline the jurisdiction of a magistrate judge by January 15, 2014. See attached consent/declination forms.

IT IS SO ORDERED.

Date: December 26, 2013

Nathanael M. Cousins
United States Magistrate Judge